**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5912-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KHOI N. PHAM,

     Defendant-Appellant.

_____

Argued September 18, 2019 – Decided September 30, 2019

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Accusation No. 09-12-0408.

Eric M. Mark argued the cause for appellant (Law Office of Eric M. Mark, attorneys; Eric M. Mark, on the briefs).

Jeffrey L. Weinstein, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Michael J. Williams, Acting Hunterdon County Prosecutor, attorney; Jeffrey L. Weinstein, on the brief).

PER CURIAM

Defendant Khoi N. Pham appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

Defendant was arrested and charged with various drug crimes in September of 2009, including third-degree possession of cocaine, third-degree possession of cocaine with intent to distribute, possession of marijuana, and possession of drug paraphernalia.  Defendant retained private counsel in connection with these charges and, in December 2009, entered into a negotiated agreement with the State through which he pled guilty to third-degree possession of cocaine.  The remaining charges were dismissed and the State recommended defendant be sentenced to a two-year term of probation.

Prior to sentencing, defendant signed the plea forms, which included questions regarding his immigration status.  Defendant expressly acknowledged that he could face deportation if he was not a United States citizen.  In his signed plea forms, defendant stated understood the consequences of his plea and was satisfied with the advice provided by his counsel.

On January 15, 2010, defendant was sentenced to a two-year term of probation.  Defendant did not appeal his sentence.  Defendant successfully

A-5912-17T4

completed his probationary term and satisfied all conditions imposed as part of his probation.

On September 29, 2017, more than seven years after he was sentenced, defendant was detained by the Department of Homeland Security-Customs and Border Control at the Houston airport upon returning from a trip abroad. Defendant claims he first discovered the immigration consequences of his conviction at that time. He retained counsel and filed a PCR petition alleging ineffective assistance of counsel.

The PCR judge heard the arguments of counsel and denied defendant's petition on May 22, 2018 in a thorough and comprehensive thirty-one page written opinion. The judge carefully considered defendant's PCR arguments and concluded he failed to demonstrate excusable neglect or a fundamental injustice to warrant relaxation of the five-year time requirement for filing a PCR petition. See R. 3:22-12(a).

On appeal, defendant raises the following arguments:

> Point I
>
> STANDARD OF REVIEW
>
> Point II
>
> THE TRIAL COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING BECAUSE MR.

3

PHAM ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND AN EVIDENTIARY HEARING IS NEEDED TO SUPPLEMENT THE TRIAL RECORD.

Point III

POST-CONVICTION RELIEF.

A.  The Five-Year Procedural Bar is Not Absolute.

1.  Petitioner's Delay in Filing Was Not Neglectful.

2.  If the Court Finds Petitioner's Failure to Timely File Was Neglectful, Such Neglect Was Excusable.

3. Enforcement of the Time Bar Would Result in a Fundamental Injustice.

B.  Ineffective Assistance of Counsel.

1.  Defense Counsel Wrongly Advised of the Immigration Consequences.

2.  Defense Counsel was Ineffective because he Failed to Discuss PTI With Mr. Pham or to Apply Mr. Pham to PTI.

i.  Mr. Davidson was obligated to submit a PTI application so the prosecutor's objections would have at least been formalized as the basis of an appeal; Merely informally asking a prosecutor about PTI is not an application to PTI and does not meet the minimum requirement of competent or zealous advocacy.

ii.  Mr. Pham was eligible for PTI because this is his first offense and it is a third-degree offense.

3. Defense Counsel was Suspended from Practicing Law in the State of New Jersey.

C. Cumulative Effects.

Point IV

THE TRIAL COURT MADE NUMEROUS SPECULATIONS TO FACTS OUTSIDE THE RECORD, THUS THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

Based on our review of the record and applicable legal principles, we affirm substantially for the reasons stated by Judge Angela F. Borkowski in her comprehensive May 22, 2018 written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5912-17T4